IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MOSS & ASSOCIATES, LLC,

                  **Plaintiff,**

    **v.**

E LIGHT ELECTRIC SERVICES,
INC.,

                  **Defendant.**

                                   **1:16-cv-702-WSD**

## OPINION AND ORDER

On March 4, 2016, Defendant E Light Electric Services, Inc. ("Defendant") filed its Notice of Removal [1] of this action from the Superior Court of Fulton County, Georgia.  The Notice of Removal asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Notice of Removal ¶ 3).  The Notice of Removal alleges that Plaintiff Moss & Associates, LLC ("Plaintiff") "is a Florida limited liability company with its principal place of business in Florida.  It has two members, Bob Moss and Scott Moss, both of whom are Florida residents."  (Id. ¶ 4).  The Court found this allegation insufficient to establish diversity jurisdiction, and, on April 18, 2016, the Court entered an Order [13] ("April 18th Order") requiring Defendant to file, on or before April 29, 2016, an amended Notice of Removal properly alleging the citizenship of Plaintiff.

On April 26, 2016, Defendant filed its Amended Notice of Removal [16].  In it, Defendant now alleges Plaintiff "is a Florida limited liability company with its principal place of business in Florida.  Additionally, it is a citizen of the State of Florida.  All of the members of Moss are citizens of the State of Florida."  (Am. Notice of Removal ¶ 4).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is

2

determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC,

420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact

of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co.,

505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting

Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).  A

limited liability company, unlike a corporation, is a citizen of any state of which

one of its members is a citizen, not of the state where the company was formed or

has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings

L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the

citizenships of these unincorporated business entities, a party must list the

citizenships of all the members of the limited liability company . . . ."  Id.  To show

citizenship, "[r]esidence alone is not enough."  Travaglio v. Am. Express Co., 735

F.3d 1266, 1269 (11th Cir. 2013).  For United States citizens, "[c]itizenship is

equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile

requires both residence in a state and 'an intention to remain there indefinitely.'"

Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

The Notice of Removal did not adequately allege Plaintiff's citizenship.  It

alleged that Plaintiff "is a Florida limited liability company with its principal place

of business in Florida.  It has two members, Bob Moss and Scott Moss, both of

whom are Florida residents." (Notice of Removal ¶ 4).  These allegations were not

sufficient to establish diversity jurisdiction because "[r]esidence alone is not

enough" to show citizenship.  Travaglio, 735 F.3d at 1269.  For United States

citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity

jurisdiction," and "domicile requires both residence in a state and 'an intention to

remain there indefinitely.'"  Id. (quoting McCormick, 293 F.3d at 1257-58).  The

Amended Notice of Removal also does not adequately allege Plaintiff's

citizenship, because it does not identify the members of the LLC.  Its conclusory

assertion that "[a]ll members of Moss are citizens of the State of Florida," (Am.

Notice of Removal ¶ 4), is insufficient.

Accordingly, the Court reluctantly allows Defendant to file a second

amended notice of removal which properly states Plaintiff's citizenship.  The

second amended notice must specifically identify Plaintiff's members and each

member's citizenship.  The Court notes that it is required to dismiss this action

unless Defendant provides the required supplement alleging sufficient facts to

show the Court's jurisdiction.  See id. at 1268-69 (holding that the district court

must dismiss an action for lack of subject matter jurisdiction unless the pleadings

or record evidence establish jurisdiction).  No further opportunities to amend will

be allowed.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant file a second amended notice

of removal, on or before June 24, 2016, that provides the information required by

this Order and our Circuit.


**SO ORDERED** this 16th day of June, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE